Filed: 9/13/2022 2:16 PM
Liz Pirkle, District Clerk
Waller County, Texas
By: Janie Derrick, Deputy

CV22-09-0610

Cause No. _____

| | | |
|---|---|---|
| JAKYIOUS LASKER<br>Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§<br>§ | OF WALLER COUNTY, TEXAS |
| JUAN RAMIREZ and LANDSTAR<br>RANGER, INC.<br>Defendants. | §<br>§<br>§ | 506th<br>_____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Jakyious Lasker files his Original Petition complaining of Defendants, Juan Ramirez and Landstar Ranger, Inc. and would respectfully show this Honorable Court as follows:

### I. DISCOVERY CONTROL PLAN

**1.1** Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level 2. Plaintiff specifically pleads that he seeks monetary relief over $1,000,000.00. The parties have not exchanged discovery; therefore, the value of this lawsuit is unknown. Ultimately, in the American justice system, the jury decides upon receiving the evidence. Plaintiff reserves the right to amend this damage calculation as discovery progresses.

### II. PARTIES

**2.1** Plaintiff Jakyious Lasker resides in Waller County, Texas.

**2.2** Defendant Juan Ramirez can be served with process at 1100 SE 30th Street, Cape Coral, Florida 33904 or wherever he may be found.

**2.3** Defendant Landstar Ranger, Inc. is a corporation doing business in Texas and may be served with process by serving its Registered Agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Tx 75201.

**EXHIBIT A**

### III. JURISDICTION AND VENUE

**3.1** Venue is proper and maintainable in Waller County, Texas under §15.002(a)(1) of the Texas Civil Practice & Remedies Code because the incident occurred in Waller County, Texas.

**3.2** This Court has jurisdiction in this cause since the Plaintiff's damages exceed the minimum jurisdictional limits of this Court.

### IV. FACTS

**4.1** On or about September 24, 2020, Defendant Juan Ramirez was at the 34000 block of Interstate 10 west service road stopped at a private driveway. Defendant Juan Ramirez planned to make a right onto the service road to go west. Defendant Juan Ramirez drove a commercial vehicle owned by Defendant Landstar Ranger, Inc. Defendant Landstar Ranger, Inc. employed Defendant Juan Ramirez.

**4.2** A white Chrysler drove west bound at the 34000 block of Interstate 10 west service road. The white Chrysler arrived at the private driveway which was to its right.

**4.3** Defendant Juan Ramirez chose not to watch for traffic. Defendant Juan Ramirez chose not to control his vehicle. Defendant Juan Ramirez chose not to yield to traffic. Defendant Juan Ramirez chose to make a right turn when it was not safe. Defendant Juan Ramirez chose not to brake. Defendant Juan Ramirez chose to turn in front of the white Chrysler causing it to slam into him.

**4.4** The driver of the white Chrysler sustained injuries. The driver of the white Chrysler was Plaintiff Jakyious Lasker.

**4.5** Defendant Juan Ramirez was the sole proximate cause of the collision. Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries.

## V. DEFENDANT JUAN RAMIREZ

**5.1** The conduct of Defendant Juan Ramirez constituted negligence and negligence per se as those terms are understood in law and such conduct was a proximate cause of the occurrence made the basis of this suit. Defendant Juan Ramirez was negligent in one or more of the following non-exclusive particulars:

    a. Choosing not to control speed;

    b. Choosing not to pay attention;

    c. Choosing not to keep a proper lookout;

    d. Choosing to not take proper precaution in avoiding this incident;

    e. Choosing to not control his vehicle;

    f. Choosing to not make a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

    g. Choosing to not do that which a prudent driver would have done under the same or similar circumstances; and

    h. Choosing to endanger the lives of our community, family, friends, and his by driving recklessly.

Plaintiff would show that such negligence proximately caused damages to Plaintiff more fully described below.

## VI. NEGLIGENCE OF DEFENDANT LANDSTAR RANGER, INC.

**6.1** At the time of the incident, Defendant Juan Ramirez was acting in his capacity as an agent, servant, and/or employee of Defendant Landstar Ranger, Inc. and was acting within the course and scope of his authority as such. Therefore, the doctrine of *respondeat superior* should be applied to Defendant Landstar Ranger, Inc. and it should be held responsible for the acts of its agents and/or employees and/or servants.

Defendants and their agents, representatives, servants and/or employees are jointly and severally liable for Plaintiff's injuries and damages.

**6.2** Defendant Landstar Ranger, Inc. is also liable for its own negligence, and its negligence was a proximate cause of the incident made the basis of this lawsuit and the damages resulting therefrom, in one or more of the following:

    (a) Negligently hiring Defendant Juan Ramirez;

    (b) Negligently failing to train or supervise, or adequately train or supervise Defendant Juan Ramirez;

    (c) Negligently entrusting a vehicle to Defendant Juan Ramirez; and

    (d) Negligently permitting, directing, or encouraging Defendant Juan Ramirez to operate a vehicle in an unsafe manner.

Such conduct on the part of Defendants constituted negligence, which was a proximate cause of the collision.

## VII. DAMAGES

**7.1** As a result of the incident made the basis of this lawsuit, described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained injuries and damages.

**7.2** Due to the gravity of the injuries stated above, Plaintiff has had to seek reasonable and necessary medical care and attention, and this has caused him to incur reasonable and necessary medical expenses for the treatment of his injuries.

**7.3** In all likelihood, based upon a reasonable medical probability, Plaintiff will require reasonable and necessary medical treatment and incur reasonable and necessary medical expenses into the future.

**7.4** Further, Plaintiff would show that he has suffered physical pain as a result of this incident. Such physical pain, in all reasonable medical probability, will continue into the future, if not permanently.

**7.5** Further, Plaintiff would show that he has suffered mental anguish as a result of this incident. Such mental anguish, in all probability will continue into the future, if not permanently.

**7.6** Further, Plaintiff would show that he has suffered physical impairment as a result of this incident. Such physical impairment in all reasonable medical probability will continue into the future, if not permanently.

**7.7** Further, Plaintiff would show that he has suffered physical disfigurement as a result of this incident. Such physical disfigurement, in all reasonable medical probability, will continue into the future, if not permanently.

**7.8** Further, Plaintiff has suffered lost wages and a loss of earning capacity in the past.

**7.9** Further, Plaintiff will, in all reasonable probability, continue to sustain loss of wages and loss of earning capacity in the future.

**7.10** Plaintiff seeks both prejudgment and post-judgment interest as allowed by law, for all costs of court, actual damages, compensatory damages and all other relief, both in law and in equity, to which Plaintiff may be entitled.

## VIII. <u>PRESERVING EVIDENCE</u>

**8.1** Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, any evidence involving the incident in question, and any electronic images or information related to

the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## XI. REQUIRED DISCLOSURE

**9.1** Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures with thirty (30) days after being served or joined.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited in terms of law to appear and answer herein and that upon final trial and hearing hereof, that Plaintiff recovers damages from Defendants, in accordance with the evidence; that Plaintiff recovers costs of court herein expended; that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, both prejudgment and post-judgment; that Plaintiff recovers actual damages; that Plaintiff is entitled to recover compensatory damages; and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ADAME ★ GARZA, LLP**

_____
Johnny N. Garza, Jr.
State Bar No.24036624
2223 N. Main St.
Houston TX 77009
(713) 863-7100 Telephone
(713) 863-7133 Facsimile
johnny@htxtriallawyers.com

**ATTORNEY FOR PLAINTIFF**